## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**10-541**

**KALVIN TURNAGE**

**VERSUS**

**WILSON TASK FORCE, LLC, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 2
PARISH OF RAPIDES, NO. 06-07484
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

**MARC T. AMY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Marc T. Amy, Billy Howard Ezell, and David E. Chatelain\*, Judges.

**AFFIRMED.**

**Michael S. Coyle**
**Post Office Box 636**
**Ruston, LA   71273-2644**
**(318) 254-8200**
**COUNSEL FOR THIRD PARTY APPELLANTS:**
    **Multi-Task, LLC**
    **Stonetrust Commercial Insurance Company**

**Louis Wellan**
**Post Office Drawer 12323**
**Alexandria, LA   71315**
**(318) 443-9917**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Kalvin Turnage**

---

\* Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Tawni Cooper-Smith**
**Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.**
**450 Laurel Street, 20th Floor**
**Baton Rouge, LA 70801**
**(225) 381-7000**
**COUNSEL FOR THIRD PARTY APPELLEE:**
     **Louisiana Workers' Compensation Corporation**

AMY, Judge.

The claimant sought workers' compensation benefits against his employer and his statutory employer. The statutory employer filed a third party demand against the employer's purported workers' compensation insurer, seeking reimbursement and indemnification. The workers' compensation insurer sought dismissal through summary judgment, alleging that it was not the employer's insurer. The trial court granted the summary judgment. The statutory employer appeals. We affirm.

**Factual and Procedural Background**

Kalvin Turnage filed a disputed claim form alleging work-related injury while employed as a laborer for Wilson Task Force, LLC (Wilson) and Multi-Task, LLC (Multi-Task). Multi-Task responded by filing a cross claim against Wilson, asserting that this latter entity was the claimant's immediate employer and that, in the event Multi-Task was cast in judgment, the cross claim should be entered against Wilson for the same amount.

Thereafter, Multi-Task filed a third party demand, naming Louisiana Workers' Compensation Corporation (LWCC) as a third party defendant. It alleged that, although LWCC never issued a workers' compensation policy to Wilson Task Force, LLC, it twice issued certificates of liability coverage certifying workers' compensation coverage for the period beginning February 3, 2006 through February 3, 2007. Multi-Task contends that LWCC did so through its purported agent, Central Insurers of Louisiana, Inc. (Central Insurers). Multi-Task asserted that Central Insurers issued these certificates on September 3 and September 5, 2006, before the claimant's September 19, 2006 accident. Despite a policy never having been issued, Multi-Task contended that LWCC "is bound by the Certificate and representations made by its representative, Central Insurers, Inc. to Multi-Task, L.L.C. that such coverage did exist, and for that reason, is bound by the representation of its Agent."

In its answer, LWCC disputed whether it had supplied Central Insurers or its president, Kimberly DeSoto, with binding authority.

As evidenced by a motion and order of partial dismissal in the record, Multi-Task eventually agreed to provide the claimant with indemnity benefits. Multi-Task reserved the right to pursue recovery from Wilson and LWCC. In return, the claimant agreed to dismiss his claim against Multi-Task and its insurer, Stonetrust Commercial Insurance Company (Stonetrust).[1] The claimant further reserved his right to proceed against Wilson and LWCC.

Subsequently, in a pre-trial memorandum and in a later-filed motion to dismiss, LWCC sought dismissal of the third party demand through a summary judgment. It asserted that there was insufficient evidence that Central Insurers was its agent. LWCC argued, instead, that Central Insurers was operating as an independent insurance broker and, therefore, Central Insurers' negligence in issuing certificates of insurance would not be imputable to LWCC. Alternatively, LWCC argued that even if Central Insurers was found to be an agent, Multi-Task could not establish detrimental reliance on the certificates where no policy was ever issued in connection therewith.

Following a hearing, the workers' compensation judge granted summary judgment in favor of LWCC, dismissing the claims against LWCC.[2] Multi-Task

---

[1] Although filings in the record refer to Stonetrust as a defendant and, in fact, it appears before this court as an appellant, the record does not contain a pleading naming it as such.

[2] In reasons for ruling, the workers' compensation judge stated, in part, that:

The simple matter of fact is that there was never an application by Wilson's Task Force, never a payment of premium by Wilson's Task Force. I also note from the pleadings on file, Wilson's Task Force, itself, has never sued the Louisiana Workers' Compensation Corporation, seeking to have coverage for the claims of Kalvin Turnage. Instead, Wilson's Task Force at one point in time in this Court attempted to sue the insurance agency and Kimberly DeSoto, and that was dismissed for lack of subject matter jurisdiction. There is no genuine issue of material fact and that there was never an application, never a premium paid, and whether Ms. DeSoto was an agent or not, clearly Multi Task was informed prior to the date of Mr. Turnage's

2

appeals, assigning the following as error:

1) The [workers' compensation judge] committed error when it found that Kimberly DeSoto told Sandra Hollingsworth, prior to Turnage's accident, that Wilson Task Force did not have Worker's Compensation insurance.

2) The [workers' compensation judge] committed error when it failed to find that Central Insurers had actual authority as the Agent of LWCC to issue Certificates of Insurance on behalf of LWCC.

**Discussion**

Multi-Task argues that genuine issues of material fact exist with regard to the actions of Kimberly DeSoto, owner of Central Insurers, and whether her office issued certificates of insurance evidencing workers' compensation coverage. It also contests the workers' compensation judge's determination that Ms. DeSoto informed Multi-Task prior to the accident that no workers' compensation policy had been issued. Instead, it contends that Ms. DeSoto likely had this conversation after the injury at issue.

Louisiana Code of Civil Procedure Article 966(B) provides that a trial court shall enter summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." Paragraph (C)(2) further provides that:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, actions, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary

injury that Wilson's Task Force had no workers' compensation insurance coverage with any insurance company whatsoever.

3

burden of proof at trial, there is no genuine issue of material fact.

On appeal, a trial court's ruling on a motion for summary judgment is reviewed de novo under the same criteria that governed the trial court's determination. *Lemann v. Essen Lane Daiquiris, Inc.*, 05-1095 (La. 3/10/06), 923 So.2d 627.

Having conducted a de novo review, we find that LWCC, as the moving party, satisfied its initial burden of pointing out that there is an absence of factual support for at least one of the elements essential to Multi-Task's claim. Thereafter, Multi-Task, as the party with the burden of proof, failed to "produce factual support sufficient to establish that [it] will be able to satisfy [its] evidentiary burden of proof at trial" pursuant to La.Code Civ.P. art. 966(C)(2). Accordingly, the trial court correctly determined that there is no genuine issue of material fact.

Multi-Task claims that LWCC, acting through its purported agent, issued certificates of insurance to Wilson and on which Multi-Task relied to its detriment. Multi-Task directs this court to La.Civ.Code art. 3020, which provides that: "The principal is bound to perform the contract that the mandatary, acting within the limits of his authority, makes with a third person." Multi-Task makes much of the alleged principal/mandatary relationship between LWCC and Central Insurers. However, even if this court were to find that genuine issues of material fact existed in regard to this element of its claim, it would not end the inquiry.

While it is unquestioned that LWCC did not issue a workers' compensation policy nor were any payments made in this regard, Multi-Task alleges that it relied, to its detriment, on certificates of insurance it asserts were produced by Central Insurers. However, Multi-Task does not produce sufficient evidence regarding any reliance on those certificates, much less whether any reliance was reasonable.

4

LWCC presented the deposition of Ms. DeSoto, the owner of Central Insurers, who explained that Wilson sought insurance quotes for a variety of coverages, but that Mr. Wilson explained that it did not need workers' compensation insurance because that coverage was provided "through a partnership with Multi-Task." She explained that one of the certificates of insurance produced at the deposition was a "prospect" certificate used only for the purpose of obtaining a quote. She did not know how Multi-Task would have received such a certificate, because this "prospect" certificate would not have been sent from her office. She confirmed, however, that Multi-Task was in possession of the certificate at some point as Sandra Hollingsworth contacted her regarding whether there was coverage and that Ms. Hollingsworth faxed her the certificate at issue. Ms. DeSoto confirmed that the policy had never been issued. It is unclear from the deposition whether this conversation occurred before or after the accident.[3] LWCC also presented the deposition of its representative, Sally Nesmith, who confirmed that no policy had been issued by it to Wilson. From this evidence it is apparent that Multi-Task had possession of a "prospect" certificate of insurance and that it was issued, perhaps, in error by Central Insurers. Through the testimony of its representative, LWCC also presented evidence showing that it did not issue a policy related to the certificate.

However, Multi-Task did not present further evidence to demonstrate that it would be able to establish the elements of its claim at trial. Strikingly absent from the record is the certificate(s) allegedly in Multi-Task's possession. Neither is there evidence regarding Multi-Task's possession of that certificate, its reliance on that

---

[3] We note here that our review is de novo, therefore, we do not consider Multi-Task's assertion that the workers' compensation judge erroneously determined that Ms. DeSoto informed Multi-Task before the accident that there was no workers' compensation policy. It instead points to another portion of Ms. DeSoto's testimony indicating that the accident had occurred at the time of the conversation. Any determination made by the workers' compensation judge is of no moment due to the de novo standard of review.

certificate, or any indication that such reliance was reasonable. There is even less evidence and testimony regarding the second certificate of insurance purportedly produced. An assertion in a pleading that Multi-Task relied on such a certificate prior to the work-related accident is merely that, i.e., an assertion. It is not "factual support sufficient to establish that [it] will be able to satisfy [its] evidentiary burden of proof at trial[.]" La.Code Civ.P. art. 966(C)(2). Given this absence in the record, and although there may be genuine issues of material fact regarding the principal / mandatary relationship, Multi-Task has failed to produce genuine issues of material fact regarding its reliance on the certificate.

This argument lacks merit.

### DECREE

For the foregoing reasons, the trial court's granting of the motion for summary judgment is affirmed. All costs of this proceeding are assessed to the appellant, Multi-Task, LLC.

**AFFIRMED.**